UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| JOHNNY RAY WILSON,<br> Plaintiff, | )<br>)<br>) |
| v. | )  No. 12-2045<br>) |
| CITY OF CHAMPAIGN, a municipal<br>corporation; CHIEF R.T. FINNEY,<br>Chief of Police; DENNIS BALTZELL,<br>Sergeant; JEREMIAH CHRISTIAN and<br>PHILLIP McDONALD, Champaign Police<br>Officers, sued in their individual<br>and in their official capacities,<br> Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## **OPINION**

Plaintiff, proceeding *pro se* and currently incarcerated in Vandalia Correctional Center, pursues a Fourth Amendment excessive force claim, a claim for failure to intervene, and a claim that his injuries were the result of an official policy within the City of Champaign Police Department that encouraged the use of excessive force. Defendants move for summary judgment.

Summary judgment must be denied for Defendants Dennis Baltzell and Jeremiah Christian because disputed material facts remain regarding whether they used excessive force. In particular, Plaintiff avers that at the time Defendant Baltzell and Christian approached him and kneed him, he was laying down, his arms extended, and he was non-combative. Summary judgment must be granted for Defendants City of Champaign, Chief R.T. Finney, and Officer Phillip McDonald for the reasons discussed below.

## SUMMARY JUDGMENT STANDARD

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  A movant may demonstrate the absence of a material dispute through specific cites to admissible evidence, or by showing that the nonmovant "cannot produce admissible evidence to support the [material] fact." Fed. R. Civ. P. 56(c)(B).  If the movant clears this hurdle, the nonmovant may not simply rest on his or her allegations in the complaint, but instead must point to admissible evidence in the record to show that a genuine dispute exists.  *Id.*; *Harvey v. Town of Merrillville*, 649 F.3d 526, 529 (7th Cir. 2011).  At the summary judgment stage, evidence is viewed in the light most favorable to the nonmovant, with material factual disputes resolved in the nonmovant's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A genuine dispute of material fact exists when a reasonable juror could find for the nonmovant. *Id.*

## FACTS

On August 5, 2010, Plaintiff had been arrested for possession of crack cocaine and cannabis found on his person.  (Dfts' MSJ, UMF #4).  On August 20, 2010, Defendant Champaign Police Officer Christian submitted a complaint and affidavit for search warrant under oath to The Honorable Harry E. Clem, Circuit Judge, Urbana, Illinois, and Judge Clem issued the search warrant for 108 W. Washington Street, Apartment 607, Champaign, Illinois. (Dfts' MSJ, UMF #1, 5).  There was also an outstanding arrest warrant issued against Plaintiff for failure to appear at a hearing on August 17, 2010 in connection with his arrest on August 5, 2010.  (Dfts' MSJ, UMF #6).  Defendants Christian, Champaign Police Sergeant Baltzell, Champaign Police Officer McDonald and other Champaign Police Officers Jack Turner and Jaceson Yandell were

involved with the execution of the search warrant and attempted execution of the arrest warrant on August 20, 2010. (Dfts' MSJ, Exhs. A, B, C, D). Defendant Finney did not know that a search warrant was prepared for Plaintiff's apartment, had no personal involvement in the execution of the search warrant, and was not aware on August 20, 2010 that there was an arrest warrant outstanding for Plaintiff. (Dfts' MSJ, UMF #37, 38).

Following a sequence of events which is disputed, Defendants Baltzell and Christian placed Plaintiff in handcuffs while he was laying on the ground in the backyard of a residence in Urbana, Illinois. (Dfts' MSJ, Exh. A, ¶ 29; Exh. B ¶ 19). Defendant McDonald then escorted Plaintiff from the site of arrest to a vacant lot near Plaintiff's vehicle, during which time Plaintiff complained of pain in his right torso. (Dfts' MSJ, UMF #24). Plaintiff was provided medical care at Provena Covenant Medical Center, and then Defendant McDonald transported Plaintiff to the Champaign County Correctional Center and gave the jailer a signed statement from Jerisa Johnson, D.O., which provided that Plaintiff was acceptable for admission in the jail. (Dfts' MSJ, UMF #26).

The City of Champaign Police Department has a Policy and Procedure Manual regarding the appropriate Use of Force by Champaign Police Officers which was reviewed and amended in 2004 and again in 2005. (Dfts' MSJ, UMF #27). The Champaign Police Department was also accredited by the Illinois Law Enforcement Accreditation Program (ILEAP) on January 15, 2010 after it drafted policies pertaining to best practices and consistent with the model provided by ILEAP. (Dfts' MSJ, UMF #29, 30). The accreditation process was very involved and the Champaign Police Department was only the second department in Illinois to receive accreditation. (Dfts' MSJ, UMF #30). Defendants Baltzell, Christian, and McDonald receive ongoing training involving all police policies and, specifically, the use of force policies adopted

by the Champaign Police Department. (Dfts' MSJ, UMF #31). Before these Defendants were hired by the Champaign Police Department, their backgrounds and references were thoroughly checked. (Dfts' MSJ, UMF #33).

Each use of force by a Champaign Police Officer is reviewed by the officer's supervisor, then forwarded to the appropriate Deputy Chief of Police to check for consistency with departmental policies. (Dfts' MSJ, UMF #34). All 179 incidents that identified the use of force in 2010, the year of the allegations in Plaintiff's Complaint, were reviewed by a Sergeant, Lieutenant, and Deputy Chief of Police for consistency with departmental policy and Illinois state law. (Dfts' MSJ, UMF #35). All of the use of force examples between 2000 and 2009, except the unidentified September 2006 subject, provided by Plaintiff in Exhibit F1 to his Complaint received an investigation that involved representatives from third party law enforcement agencies. (Dfts' MSJ, UMF #36).

## ANALYSIS

### I.   Excessive Force

According to Plaintiff, on August 20, 2010, Officers Turner and Yandell approached him without identifying themselves as police officers or telling him that they had a warrant for his arrest. (Plf's Resp. pp. 10-11). Plaintiff says that fearing for his safety and his family's safety, he drove away from the approaching officers. (Plf's Compl. p. 3). He says he did all he could to avoid a collision with the police vehicle he saw blocking the road ahead of him, and that he ran on foot to avoid anyone from getting hurt. (Plf's Compl. p. 3). He also says that at the time Defendants Christian and Baltzell approached him, he was in the prone position, spread eagle, with his arms extended, and was not combative yet they still jumped on him and kneed his torso, breaking his ribs. (Plf's Sur-Reply p. 5; Plf's Compl. p. 3).

Defendants and the other officers involved in the execution of the search warrant on August 20, 2010 tell a different story. According to Defendants, at the time Officers Turner and Yandell parked their unmarked cars around Plaintiff's car and approached Plaintiff, they were wearing badged vests identifying them as police officers. They also aver that after Plaintiff got back in his truck and started the engine when they approached, Officer Turner grabbed Plaintiff's arm and Plaintiff responded by putting the truck in gear while he had a hold of Officer Turner. Turner says that he detached himself from Plaintiff's hold just before Plaintiff's truck would have rammed Turner into his police vehicle. (Dfts' MSJ, Exh. C Turner Aff. ¶ 20).

Defendants also aver that according to the radio dispatch that was monitored by Defendant Baltzell, Christian, and McDonald, Plaintiff had dragged Officer Turner alongside Plaintiff's truck, disregarded orders to stop, and continued fleeing in his vehicle. (Dfts' MSJ, Exh. A. Christian Aff. ¶¶ 18-20; Exh. B Baltzell Aff. ¶ 8). Both Defendants Christian and Baltzell[1] say that they observed Plaintiff driving in an effort to evade the police, saw him drive his truck over a curb into the vacant lot, exit his vehicle and run, and finally found him in the backyard of a residence lying face down with his arms beneath him. (Dfts' MSJ, Exh. A Christian Aff. ¶¶ 22-27; Exh. B Baltzell Aff. ¶¶ 10-12, 15, 17). They say that Plaintiff did not immediately obey Defendant Baltzell's commands to put both hands behind his back.

A claim that a police officer used excessive force in making an arrest requires a determination as to the reasonableness of the seizure. *Graham v. Connor*, 490 U.S. 386, 395 (1989). Specifically, the amount of force that may be used during an arrest depends upon circumstances such as the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether the suspect is actively resisting arrest or attempting to evade arrest by flight. *Graham*, 490 U.S. at 396. Ultimately, if "judging from the

---

[1] Both of these Defendants say that they, too, were wearing clothing that identified them as police officers.

totality of the circumstances at the time of the arrest, the officer used greater force than was reasonably necessary to make the arrest," the use of force is unreasonable under the Fourth Amendment. *Lester v. City of Chi.*, 830 F.2d 706, 713 (7th Cir. 1987).

Plaintiff points to factual discrepancies in Defendants' and the other Officers' versions of the events of August 20, 2010 as a reason for the Court to deny Defendants' Motion for Summary Judgment. Further, Plaintiff contends that there was no need for any use of force because he was only advised that police needed to speak to him[2] and he was never informed that he was under arrest until after he was handcuffed. Plaintiff argues that the events that occurred on August 20, 2010 would not have happened had Defendants' alleged plan been properly executed.

The "plan" is a reference to the disputed evidence in the record that Defendant Baltzell held a briefing with all officers involved in executing the search warrant on the morning of August 20, 2010, during which time he advised them that Plaintiff's criminal background included a conviction for armed robbery. Also during the briefing, Defendants say that Defendant Baltzell advised the officers of the plan to execute the search warrant upon Plaintiff's exit from his apartment building in order to avoid a confrontation with a potentially armed individual.

The Court cannot discern a material question of fact to defeat summary judgment from the evidence based upon Plaintiff's allegations that there are factual discrepancies in Defendants' and the other Officers' version of events on August 20, 2010. Nor can the Court discern a material question of fact to defeat summary judgment from Plaintiff's argument that the cause of

---

[2] In numerous instances in his Response and Sur-Reply to Defendants' Motion for Summary Judgment, Plaintiff maintains that Defendants and the other Officers did not identify themselves as police officers. However, in the instance referenced above, Plaintiff says that he "was only advised that police needed to speak to him." *See* Plf's Resp. p. 17).

events was due to Defendants' failure to follow their own plan. While Plaintiff makes a somewhat compelling argument about Officers Turner's and Yandell's alleged failure to identify themselves as police officers, his focus is misplaced.

Officers Turner and Yandell are not Defendants in this case. Rather, Plaintiff alleges that Sergeant Baltzell, Officer Christian, and Officer McDonald used excessive force in arresting Plaintiff on August 20, 2010. Thus, the Court believes it would be improper to include in its analysis the circumstances allegedly faced by officers who are not defendants to this suit and who initially approached Plaintiff outside the presence of the named Defendants.[3] The undisputed evidence as to the named Defendants is that they received radio dispatch that Plaintiff had dragged Officer Turner alongside the truck, that Plaintiff disregarded orders to stop, and that he continued to flee. The undisputed evidence also provides that Defendants Christian and Baltzell saw Plaintiff driving his car to evade police, drive his car over a curb and into a vacant lot, and exit the car running to the yard of another residence where he was found lying down.

Notably, there is no evidence in the record that Defendants Christian, Baltzell, or McDonald had any information to alert them to the fact that Plaintiff was unaware that he had been approached by police officers with a warrant for his arrest. Indeed, "police officers are often forced to make split-second judgments – in circumstances that are tense, uncertain, and rapidly evolving – about the amount of force that is necessary in a particular situation." *Graham*, 490 U.S. at 397. Thus, it cannot be expected that Defendants would have inquired, upon hearing the dispatch and before taking further action to arrest Plaintiff, whether Turner and Yandell had

---

[3] Accordingly, the affidavit of Marcella Winston, attached to Plaintiff's Sur-Reply to Defendants' Motion for Summary Judgment, which is limited to the "two white males" that stopped their vehicles in front of and behind Plaintiff's truck on August 20, 2010 does not present a genuine issue of material fact as to whether the named Defendants used excessive force that day in arresting Plaintiff.

announced themselves as police officers and explained that they had a warrant for Plaintiff's arrest when those officers first approached Plaintiff.

Nevertheless, whether Plaintiff had his hands hidden under his body or visibly out to the side when Defendants Christian and Baltzell approached is disputed. Whether Plaintiff had his hands hidden under his body and refused to comply with orders to remove his hands from underneath him are disputed material facts.

In short, a credibility determination is required to decide whether the force used against Plaintiff by Defendants Christian and Baltzell was reasonable given the specific circumstances of the arrest. *See Phillips v. Cmty. Ins. Corp.*, 678 F.3d 513, 519 (7th Cir. 2012) (explaining that the question of whether force used to effectuate a particular seizure is "reasonable" under the Fourth Amendment requires a careful balancing of the intrusion on the person's Fourth Amendment interests against the equally important governmental interests at stake) (citing *Graham*, 490 U.S. at 396).

Defendant McDonald, on the other hand, did not use any force against Plaintiff. Plaintiff does not even attempt to dispute Defendants' position that Defendant McDonald used no force whatsoever against Plaintiff. Summary judgment must be granted to Defendant McDonald on Plaintiff's excessive force claim. The Court does note that Plaintiff clearly identified one of his claims as failure to intervene in his Complaint, Defendants filed their Answer to Complaint and Affirmative Defenses which acknowledged that claim, and the Court identified as one of Plaintiff's claims in its Order on Defendants' Motion to Dismiss [d/e 41] failure to intervene against Defendant McDonald. Neither party has addressed the claim of failure to intervene against Defendant McDonald, and thus the Court will not address it until the parties have briefed

the issue. In the event Defendant McDonald wishes to file a motion for summary judgment on the claim of failure to intervene, he must do so by August 22, 2013.

## II.     Policy, Custom, or Practice

In Plaintiff's Complaint, he alleges that Defendant City of Champaign has a policy permitting the use of excessive force against citizens by its police officers and that it has a practice of hiring people such as the Defendant police officers who have a prior history of brutality which should have rendered them unacceptable for hire. Plaintiff also alleges that Defendant Finney had a duty to properly hire, train, and discipline the named Defendant Police Officers, and that Defendant Finney personally participated in Plaintiff's alleged constitutional deprivation. Plaintiff attached as an exhibit to his Complaint a document entitled "History of Police Misconduct in Champaign, Illinois." *See* Plf's Compl., Exh. F1.

"[A] local government may not be sued under §1983 for an injury inflicted solely by its employees or agents. Instead, it is when the execution of a government's policy, or custom . . . inflicts the injury that the government . . . is responsible under §1983." *Monell v. Dep't. of Soc. Servs.*, 436 U.S. 658, 694 (1978). The complaint must allege that an official policy or custom not only caused the constitutional violation, but also was the "moving force" behind it. *City of Canton v. Harris*, 489 U.S. 378, 389 (1989). To establish the liability of a municipality, a plaintiff must demonstrate: "(1) an express policy that, when enforced, causes a constitutional deprivation; (2) a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a custom or usage with the final force of law; or (3) an allegation that the constitutional injury was caused by a person with final policymaking authority." *Lewis v. City of Chi.*, 496 F.3d 645, 656 (7th Cir. 2007).

In their Motion for Summary Judgment, Defendants argue that there is no evidence establishing an official policy of the City of Champaign and so the City is not liable. Specifically, Defendants argue that the custom of acquiescence alleged by Plaintiff via the unsworn listing of alleged Champaign Police Department incidents is not sufficient to show official policy as required by *Monell*. Defendants also contend that there is no evidence connecting any alleged acquiescence in previous matters to the alleged deprivation Plaintiff claims here.

Plaintiff has entirely failed to address his claim regarding "use of force policies" against the City of Champaign in both his Response and Sur-Reply to Defendants' Motion for Summary Judgment, and has not attempted to dispute or otherwise address Defendants' statement of undisputed material facts and arguments as to that claim. *See Becker v. Tenenbaum-Hill Assocs., Inc.*, 914 F.2d 107, 110 (7th Cir. 1990) (discussing how Federal Rule of Civil Procedure 56 requires the nonmoving party to go beyond the pleadings and produce evidence of a genuine issue for trial) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986)). Defendants have presented undisputed evidence of the City of Champaign Police Department's Policy and Procedure Manual regarding the appropriate Use of Force by Champaign Police Officers, that the Police Department was accredited by ILEAP after it drafted policies pertaining to best practices, and that every use of force receives a thorough investigation. Defendants have also presented undisputed evidence that the alleged incidents between 2000 and 2009 identified in Plaintiff's Exhibit F1 attached to his Complaint were investigated by third parties. *See Wilson v. City of Chi.*, 6 F.3d 1233, 1240-41 (7th Cir. 1993) (city not liable where its superintendent of police referred complaint from the community to the unit within the police department responsible for investigating police abuses). The Court finds that Plaintiff has failed to present evidence to

create a genuine issue of material fact as to whether the City of Champaign has a widespread practice of the use of excessive force which is so permanent and well settled as to constitute a custom or usage with the final force of law. Plaintiff has essentially left it to the Court and Defendants to connect the dots between the allegations of his Complaint pertaining to "use-of-force" policies and his exhibits attached thereto; accordingly, Plaintiff has not sustained his burden on summary judgment as to his "use-of-force policies" claim.

Similarly, Plaintiff has not presented evidence sufficient to create a genuine issue of material fact as to whether Defendant Finney was personally responsible for Plaintiff's alleged constitutional deprivation. A plaintiff must establish that a defendant was personally responsible for the constitutional deprivation. *Johnson v. Snyder*, 444 F.3d 579, 583 (7th Cir. 2006). "To be personally responsible, an official 'must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye.'" *Id*. at 583-84 (citing *Gentry v. Duckworth*, 65 F.3d 555 (7th Cir. 1995)). The undisputed evidence reveals that Defendant Finney had no personal knowledge that a search warrant was prepared for Plaintiff's apartment, that he was not personally involved in the execution of the search warrant, and that he was not aware that there was an outstanding warrant for Plaintiff's arrest.

Furthermore, Plaintiff has not presented evidence sufficient to create a genuine issue of material fact as to any would-be claim of failure to train he may have attempted to include in his Complaint. To prevail on his failure to train claim, Plaintiff must show that the City of Champaign failed to train its police officers in a "relevant respect," and that the failure to train evidences a deliberate indifference to Champaign citizens' rights. *City of Canton,* 489 U.S. at 389. Even viewing the evidence in the light most favorable to Plaintiff, the evidence does not present a material question as to the adequacy of Champaign police officers' training. On the

contrary, the evidence establishes that the City of Champaign has written policies in place regarding the use of force and that its police officers receive continuing training as to the use of force. *See Palmquist v. Selvik*, 111 F.3d 1332, 1345 (7th Cir. 1997) ("In determining the adequacy of training, the focus must be on the program, not whether particular officers were adequately trained."). There is no evidence in the record that the City of Champaign or Defendant Finney were on actual or constructive notice that a particular omission in the Champaign Police Department's training program caused officers to violate citizens' constitutional rights. *See Monell*, 436 U.S. at 693-94 (explaining that a plaintiff seeking to impose liability on a municipality must establish a causal nexus between his injury and the municipality's alleged policy). Again, to the extent that Plaintiff has chosen to rely solely upon the allegations of his Complaint and exhibits attached to it without addressing Defendants' evidence and arguments, he cannot defeat summary judgment on his claim of failure to train where his allegations and exhibits considered in light of Defendants' evidence do not show a genuine dispute as to the training in place within the City of Champaign's Police Department.

Also, there is no evidence that the alleged events of August 20, 2010 occurred due to a lack of training or negligent hiring. What the evidence does show is that Defendants Baltzell, Christian, and McDonald receive ongoing training involving all police policies and involving, specifically, the use of force policies adopted by the Champaign Police Department, and that before these Defendants were hired by the Champaign Police Department, their backgrounds and references were thoroughly checked. The Seventh Circuit has said that, "In order to ensure that isolated instances of misconduct are not attributable to a generally adequate policy or training program, we require a high degree of culpability on the part of the policymaker." *Cornfield by Lewis v. Consolidated High School Dist. No. 230*, 991 F.2d 1316, 1327 (7th Cir. 1993). Plaintiff

has simply not attempted to articulate the City of Champaign's culpability beyond the allegations and exhibits of his Complaint, and those allegations and exhibits are not sufficient to defeat summary judgment where a "high degree of culpability" must be shown before a municipality may be held liable under Section 1983.

**IT IS THEREFORE ORDERED:**

**1)  Defendants' Motion for Summary Judgment is GRANTED IN PART and DENIED IN PART [d/e 43].  Summary judgment is granted for Defendants City of Champaign, Chief R.T. Finney, and Officer Phillip McDonald.  Summary judgment is denied for Defendants Sergeant Dennis Baltzell and Officer Jeremiah Christian.  The Clerk is directed to terminate the City of Champaign and Chief Finney as Defendants.  Judgment will be entered in favor of these Defendants at the close of the case.**

**2)  If Defendant McDonald chooses to file a motion for summary judgment as to Plaintiff's claim of failure to intervene against him, Defendant McDonald must do so by August 22, 2013.**

ENTERED this 23rd day of July, 2013.

                                      s/ David G. Bernthal

                                    DAVID G. BERNTHAL
                                    UNITED STATES MAGISTRATE JUDGE